UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK TRUST N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br><br>        v.<br><br>ROBERT G. BEDARD & CYNTHIA L. BEDARD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 18-cv-30033-MGM<br>)<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION REGARDING U.S. BANK TRUST N.A.'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

    I.    INTRODUCTION

Plaintiff U.S. Bank Trust N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank") moves pursuant to Fed. R. Civ. P. 55(b)(1) for a default judgment on its complaint against Robert G. Bedard and Cynthia L. Bedard ("Defendants") for the foreclosure and sale of their property at 55 Fox Road, West Springfield, Massachusetts ("Property") (Dkt. No. 11). U.S. Bank's verified complaint asserts claims against Defendants to quiet title (Count I) and for breach of contract (Count II). U.S. Bank asks the court: to certify that Defendants are not beneficiaries of the Servicemembers Civil Relief Act, 50 U.S.C. § 501 *et seq.* (Count III); to enter a conditional judgment (Count IV); to permit foreclosure by exercise of the power of sale (Count V); to enter judgment of possession and to issue a writ of assistance if U.S. Bank is the successful bidder at the foreclosure sale (Count VI); and to enter a deficiency judgment (Count VII). U.S. Bank's Default Motion was referred to the undersigned for a report and

1

recommendation by presiding District Judge Mark G. Mastroianni (Dkt. No. 14).  *See* 28 U.S.C. § 636(b)(1)(B).  The court held a hearing on the motion on October 1, 2018.  Defendants did not appear at the hearing.  Having reviewed U.S. Bank's verified complaint and motion, the court recommends granting so much of the motion as seeks to quiet title by assigning Defendants' mortgage to U.S. Bank and denying the remainder of the motion without prejudice.

        II.       <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>[1]

On September 11, 1978, the Property was conveyed to Defendants by quitclaim deed, which was recorded in the Hampden County Registry of Deeds (Dkt. No. 1 ¶ 9; Dkt. No. 12 ¶ 11(a)).  On February 3, 2006, Defendants executed and delivered to Financial Resources, Inc. ("FRI") a promissory note ("Note") in the amount of $115,000 (Dkt. No. 1 ¶ 10; Dkt. No. 12 ¶ 11(b)).  The Note was endorsed to J.P. Morgan Chase Bank, N.A. by J.P. Morgan Chase Bank, N.A. ("J.P. Morgan Chase"), the attorney-in-fact for FRI (Dkt. No. 1 ¶ 11; Dkt. No. 12 ¶11(c)).  J.P. Morgan Chase further endorsed the Note in blank (Dkt. No. 1 ¶ 12; Dkt. No. 12 ¶ 11(d)).  U.S. Bank currently holds and owns the Note (Dkt. No. 1 ¶ 13; Dkt. No. 12 ¶ 11(e)).

On February 3, 2006, the date Defendants executed the promissory Note, they executed a mortgage ("Mortgage") on the Property to FRI as security for repayment of the Note (Dkt. No. 1 ¶ 14; Dkt. No. 12 ¶ 11(f)).  The Mortgage was recorded in the Hampden County Registry of Deeds (*id.*).  On December 12, 2013, J.P. Morgan Chase assigned the Mortgage to Bayview

---

[1] The facts are drawn from the verified complaint (Dkt. No. 1) and the attorney's affidavit in support of U.S. Bank's Motion for Entry of Default Judgment, which repeated the allegations in the verified complaint (Dkt. No. 12).  *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62–63 (1st Cir. 2002) ("A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" ) (quoting *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999)).

Loan Servicing LLC ("Bayview"), which assignment was recorded in the registry of deeds (Dkt. No. 1 ¶ 15; Dkt. No. 12 ¶ 11(g)).

U.S. Bank alleges that Defendants failed to make the payment on the mortgage loan that was due on June 1, 2011 and failed to make any payments thereafter (Dkt. No. 1 ¶ 20; Dkt. No. 12 ¶ 11(k)). On January 6, 2016, M & T Bank, the loan servicer for Bayview, sent Defendants a 150-Day Notice of Right to Cure and a Notice of Right to Request a Modified Mortgage Loan, in accordance with Mass. Gen. Laws ch. 244, §§ 35A & 35B, along with the terms of the Mortgage contract (Dkt. No. 1 ¶ 21; Dkt. No. 12 ¶ 11(*l*)). Defendants failed to cure the default by the expiration date of the 150-Day Notice, June 4, 2016 (Dkt. No. 1 ¶ 22; Dkt. No. 12 ¶ 11(m)). Caliber began servicing the Mortgage on October 25, 2016 and referred the matter for foreclosure on or about June 16, 2017 (Dkt. No. 1 ¶¶ 19, 23; Dkt. No. 12 ¶ 11(n)). On June 30, 2017, Bayview assigned the Mortgage to U.S. Bank and the assignment was recorded in the registry of deeds on July 6, 2017 (Dkt. No. 1 ¶ 16; Dkt. No. 12 ¶ 11(h)).

U.S. Bank filed the verified complaint on February 27, 2018 (Dkt. No. 1). According to the complaint, the chain of title is flawed because FRI had not assigned the Mortgage to J.P. Morgan Chase before J.P. Morgan Chase executed the assignment of the Mortgage to Bayview (Dkt. No. 1 ¶ 17; Dkt. No. 12 ¶ 11(i)). Therefore, Bayview did not hold the Mortgage that it purportedly assigned to U.S. Bank (*id.*). U.S. Bank says that it is unable to obtain an assignment of the Mortgage from FRI and seeks an equitable assignment from the court (Dkt. No. 1 ¶¶ 18, 25-28; Dkt. No. 12 ¶ 11(j)).

On March 19, 2018, U.S. Bank filed proof that the summonses were served on Defendants by leaving them at their last and usual place of abode in East Longmeadow, Massachusetts (Dkt. No. 5). On April 3, 2018, U.S. Bank requested a notice of default, which

the clerk's office entered as to Defendant Robert Bedard on June 14, 2018 because no answer or responsive pleading was filed (Dkt. Nos. 6, 7). The copy of the notice of default, which was mailed to Defendant Robert Bedard on June 14, 2018, was returned as undeliverable on June 28, 2018 (Dkt. Nos. 9, 10). On July 10, 2018, U.S. Bank filed the instant motion for default judgment, supporting affidavit, and proposed default judgment (Dkt. Nos. 11, 12, 13). It seeks the following: a declaratory judgment *nunc pro tunc* to June 30, 2017 (the date Bayview executed the assignment of the Mortgage to U.S. Bank) quieting title to the Property to reflect U.S. Bank as the true and lawful assignee/mortgagee of record of the Mortgage; certification that Defendants are not beneficiaries of the Servicemembers Civil Relief Act; a conditional judgment and order authorizing the foreclosure sale of the Property pursuant to Mass. Gen. Laws ch. 182, § 21; Mass. Gen. Laws ch. 244, §§ 3, 11; and leave to file a supplemental affidavit after the foreclosure sale in support of its claims for a deficiency judgment and a judgment for possession of the Property (Dkt. No. 12 ¶¶ (p)-(t)).

  III.  DISCUSSION

  A.  Standard Governing Motion for Default Judgment

"While a court should accept as true the well-pleaded factual allegations in the complaint when considering a motion for entry of default judgment, the court 'need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.'" *F.L. Roberts & Co. v. Land-Air Express of New England, Ltd.*, Case No. 16-CV-12062-MAP, 2017 WL 4820381, at *2 (D. Mass. Oct. 3, 2017), *report and recommendation adopted in part* C.A. No. 16-CV-12062-MAP, 2017 WL 4817847 (D. Mass. Oct. 24, 2017) (quoting *Virgin Records Am., Inc. v. Bagan*, Civ. No. 08-4694 (WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009)).

  B.  Request for Declaratory Judgment to Quiet Title

"Massachusetts is a nonjudicial foreclosure state, so banks generally foreclose by exercising the statutory power of sale." *Galvin v. U.S. Bank, N.A.*, 852 F.3d 146, 156 (1st Cir. 2017) (citing Mass. Gen. Laws ch. 183, § 21; Mass. Gen. Laws ch. 244, §§ 11-17C). "In order to exercise this statutory power of sale, the bank must satisfy a number of requirements." *Id.* As relevant here, "the foreclosing bank must hold both the note and the mortgage in order to have standing to sell the property at a foreclosure sale." *Id.* (citing *Eaton v. Fed. Nat'l Mortg. Ass'n*, 969 N.E.2d 1118, 1125, 1129-30 (Mass. 2012); *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40, 50 (Mass. 2011)). *See* Mass. Gen. Laws ch. 244, § 14 ("The *mortgagee* . . . may, upon breach of condition and without action, perform all acts authorized or required by the power of sale") (emphasis added). "Under Massachusetts law, the note and the mortgage are separate legal instruments and, under the common law, they can travel separately." *Id.* at 155 (citing *Eaton,* 969 N.E.2d at 1124). That was the case here. According to the complaint, FRI assigned the Note, but not the Mortgage, to J.P. Morgan Chase, which, in turn, assigned the Note to U.S. Bank. The Mortgage remained with FRI and, according to U.S. Bank, it cannot now obtain an assignment of the Mortgage from FRI. "[W]here a note has been assigned but there is no written assignment of the mortgage underlying the note . . . the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment." *Ibanez*, 941 N.E.2d at 53–54 (citing *Barnes v. Boardman*, 21 N.E. 308, 309 (Mass. 1889)). Accordingly, the court recommends that so much of

U.S. Bank's motion for default judgment as requests an equitable order of assignment of the Mortgage be granted.[2]

Because "the foreclosing bank must strictly comply with the default notice provisions in paragraph 22 of the mortgage" and in Mass. Gen. Laws ch. 244, § 14, the court recommends that U.S. Bank's other requests, including an order authorizing the foreclosure sale, be denied without prejudice (Dkt. No. 1-1 at 18). *Galvin*, 852 F.3d at 156-57.

IV. CONCLUSION

For the foregoing reasons, the court recommends that so much of U.S. Bank's Motion for Entry of Default Judgment as seeks equitable assignment of the Mortgage to U.S. Bank be GRANTED and that the remaining requests be DENIED without prejudice.[3]

It is so ordered.

Dated: December 4, 2018                                /s/ Katherine A. Robertson
                                                      KATHERINE A. ROBERTSON
                                                      U.S. MAGISTRATE JUDGE

---

[2] U.S. Bank asks that the court make the equitable order of assignment *nunc pro tunc* to June 30, 2017, the date on which Bayview assigned the Mortgage (which, apparently, it did not hold) to U.S. Bank (Dkt. No. 1 ¶ 16; Dkt. No. 12 ¶ 11(q)).  Because U.S. Bank fails to cite authority in support of its position and provides no explanation for its request, the court sees no reason for the presiding judge to allow the motion for equitable assignment *nunc pro tunc*.

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.